S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**STEPHEN F. PEIFER, OSB #74252**
Assistant United States Attorney
Steve.Peifer@usdoj.gov
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1117
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:08-CR-00165-HA |
| v. | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO |
| ANDREW LAUD BARNETT, | WITHDRAW GUILTY PLEA |
| Defendant. | |

  The United States of America, by and through S. Amanda Marshall, United States Attorney for the District of Oregon, and Assistant United States Attorney Stephen F. Peifer, submits the following memorandum in response to defendant's motion to withdraw guilty plea.

  Almost one year ago, on April 18, 2011, defendant pled guilty to the charge of mailing a threatening communication in violation of 18 U.S.C. § 876(c).  Now, for reasons unspecified in his formal motion, defendant asks the court to withdraw his guilty plea.  Ordinarily, a motion to withdraw guilty plea prior to sentencing would be governed by Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, which permits the court to allow a defendant to withdraw a guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the

withdrawal." *See United States v. Ensminger*, 567 F.3d 587, 590 (9th Cir. 2009); *United States v. Briggs*, 623 F.3d 724, 728 (9th Cir. 2010).  This case is complicated, however, by the fact that defendant pled guilty pursuant to Rule 11(c)(1)(C) with an agreed sentence binding on the court once the court accepts the plea agreement.  Rule 11(c)(5) requires the court to allow defendant to withdraw the guilty plea if the court rejects the plea agreement.

In this case the agreed sentence would have been 37 months, with one-half of that sentence (19 months) served concurrently with the undischarged sentence defendant is currently serving in the custody of the Oregon Department of Corrections.  It is the position of the government that, on August 5, 2011, defendant breached the plea agreement by assaulting a Multnomah County Deputy Sheriff at the local detention center by throwing feces and urine in the deputy's face.  Because the Sheriff's Office provides federal custody services under contract with the U.S. Marshal, the attack resulted in a new federal charge against defendant for violation of 18 U.S.C. § 111 (assault of a federal officer, Case No. 3: 11-CR-00386-HA).  The government's position is that, because of the new criminal conduct, defendant is no longer eligible for an acceptance of responsibility reduction as described in paragraph 6 of the plea agreement.  Also, under paragraph 10 of the agreement, new criminal conduct relieves the U.S. Attorney of its obligations under the agreement.

Although paragraph 10 provides that breach of the agreement by the defendant does not allow him to withdraw his guilty plea, the government believes that Rule 11(c)(1)(C) nevertheless controls.  Because the government is asking the court not to impose the agreed

**Government's Response to Defendant's Motion to Withdraw Guilty Plea          Page 2**

sentence of 37 months (half-consecutive and half-concurrent), the provisions of the rule apply and defendant should be allowed to withdraw his guilty plea.

Dated this 12th day of April 2012.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney

*s/ Stephen F. Peifer*
STEPHEN F. PEIFER, OSB #74252
Assistant United States Attorney
(503) 727-1000